UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:22-cr-335-2 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| LAVELLE JONES, | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court on the motion of defendant Lavelle Jones ("Jones") styled "Objection to Magistrate's Order of Detention Pending Trial." (Doc. No. 11.) Jones filed a supplement in support of his motion. (Doc. No. 12.) Plaintiff United States of America (the "government") opposes the motion (Doc. No. 25), and Jones has filed a reply. (Doc. No. 27.) Jones does not seek a hearing in connection with his motion, and because the motion relies primarily upon issues, arguments and evidence previously before the magistrate judge, the Court finds that the present motion may be considered on the parties' written submissions. As part of its *de novo* review, the Court has reviewed the following:

(1) the complaint against Jones (Doc. No. 1);

(2) the affidavit in support of the complaint (Doc. No. 1-1);

(3) the indictment (Doc. No. 13);

(4) the pretrial services report ("PTSR") (Doc. No. 3, sealed);

(5) the magistrate judge's order of detention (Doc. No. 10);

(6) the transcript from the detention hearing (Doc. No. 26);

(7) the exhibits from the detention hearing (Exs. 1-10)[1];

(8) Jones's motion to revoke detention (Doc. No. 11);

(9) Jones's supplement to the motion to revoke (Doc. No. 12);

(10) the government's response to the motion to revoke (Doc. No. 25); and

(11) Jones's reply in support of the motion to revoke (Doc. No. 27).

In accordance with 18 U.S.C. § 3142(f), the Court has reviewed the record to determine whether there is any condition or combination of conditions of release that would reasonably assure the appearance of Jones at further court proceedings and protect the public. In this case, there is no presumption of detention. *See* 18 U.S.C. § 3142(f)(1). In the absence of a presumption of detention, the government bears the burden of proving by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person or the community; additionally, the government bears the burden of proving by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure Jones's appearance as required.

**I. BACKGROUND**

On May 26, 2022, a complaint was signed by a magistrate judge from this judicial district charging Jones with conspiracy, theft of United States mail, and interstate transportation of stolen items, to wit: motor vehicles. (Doc. No. 1.) On June 23, 2022, a federal grand jury sitting in the Northern District of Ohio returned a multi-count indictment charging Jones and three other individuals with participation in a mail theft scheme in which the participants would alter and

---

[1] Doc. No. 1-1 and Ex. 1 are both affidavits of Paul R. Cruz. Doc. No. 1 is signed and was filed as an attachment to the complaint, while Ex. 1 is unsigned. Since the documents are slightly different, the Court has considered and is referencing the signed version of the affidavit filed as Doc. No. 1-1.

deposit checks in victims' names; they were also charged in a major vehicle theft ring. (Doc. No. 13.) Specifically, Jones currently stands charged with one count of conspiracy to commit sale or receipt of stolen vehicles, in violation of 18 U.S.C. §§ 371, 2313; three counts of sale or receipt of stolen vehicles, in violation of 18 U.S.C. § 2313; and two counts of possession of stolen mail, in violation of 18 U.S.C. § 1708. (*Id.*) At Jones's arraignment, the government moved for detention pending trial.

On June 6, 2022, Magistrate Judge William H. Baughman, Jr. conducted a detention hearing, after which the magistrate judge granted the government's motion. (Minutes of Proceedings, 6/6/2022; Doc. No. 10.) At the detention hearing, Jones relied primarily upon the PTSR that noted that Jones had no criminal record, no history of violence, lifelong ties to the community, a place to work (unverified), and a place to live if he were released. (*See* Doc. No. 3.) The writer of the PTSR recommended that Jones be released on a $20,000 unsecured bond with conditions. (*Id.* at 4–5.[2]) The government relied on the complaint affidavit, both as to the strength of the evidence against Jones and regarding his access to firearms and large amounts of cash. (Doc. No. 1 ¶¶ 34, 54, 66.) It also proffered video recordings posted to social media depicting Jones actively fleeing from police officers in stolen vehicles and eluding apprehension by means of reckless driving, and postings to Jones's own Instagram account showing photographs of Jones and others posing with automatic and semi-automatic rifles and stacks of money. (Doc. No. 26 at 6–8; *see* Doc. No. 1 ¶¶ 34, 54.).

---

[2] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

In his order of detention, the magistrate judge first (properly) observed that there was no rebuttable presumption of detention. 18 U.S.C. § 3142(f)(2). (*See* Doc. No. 10 at 1–2.) After considering the evidence proffered at the hearing, the magistrate judge determined that the government had proven by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community. He found that the government had also proven, by a preponderance of the evidence, that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required. (*Id*. at 2.) In reaching these conclusions, the magistrate judge relied upon findings that the weight of evidence against Jones was strong, he was subject to a lengthy period of incarceration if convicted, he had a history of alcohol or substance abuse, he had a lack of stable employment, he had prior attempts to evade law enforcement, and that he had used alias(es) or false documents. (*Id*. at 2–3.).

As further explanation or justification for his detention order, the magistrate judge held that:

> Defendant Lavelle Jones has show himself to be his own worst enemy as to the matter of pretrial detention. Whether he or someone else in the alleged conspiracy thought it was a good idea to post for everyone (including law enforcement) to see evidence of criminal conduct will perhaps remain an unanswered question. The exhibits the government amassed, though, are sufficient to demonstrate that it has met its burden in moving for pretrial detention. It has shown that no condition or combination of conditions will reasonably assure the safety of any person and the community (by clear and convincing evidence) or reasonably assure the appearance of Jones as required (by a preponderance of the evidence). Videos of speeding away from the police or videos simply of speeding down urban and suburban streets in what the government alleges to be stolen high-end muscle cars do not help Jones's argument that he will comply with the conditions of a pretrial bond. What those videos imply is not just a failure to follow simple traffic laws, but a willingness to put the lives of innocent bystanders needlessly at risk as well. It also doesn't help Jones's cause—or instill a willingness to trust Jones to comply with bond conditions—to have posted pictures of stacks of money or firearms,

again all obtained allegedly through criminal conduct or allegedly the fruits of criminal conduct. Of the factors I must consider in adjudicating the government's motion under 18 U.S.C. Sec. 3142(g), only the absence of a criminal record and Jones's ties to the community weigh in any meaningful way in his favor. But even those factors are unconvincing here. I shouldn't expect any 18-year-old defendant to have much if any of a criminal record. And having lived in the community for his entire life didn't seem to deter him from putting citizens from that community in danger because, for one reason or another, a high-speed joy ride was more fun than complying with the law. Jones has demonstrated through his own conduct that he cannot be trusted to comply with even the most basic rules of a civilized society. He gave me no reason to believe he would behave any differently just because he got caught. Accordingly, the government's motion for pretrial detention is granted.

(*Id*. at 3.)

A final pretrial conference is scheduled in this matter for February 10, 2023, and a jury trial is set to begin the week of March 13, 2023. (Doc. No. 33 (Order to Continue-Ends of Justice).)

## II. DISCUSSION

Jones now seeks review and revocation of the magistrate judge's order imposing detention pending trial. Title 18 U.S.C. § 3145(b) permits a defendant to seek review of a pretrial detention order of a magistrate judge. When the Court "acts on a motion to revoke or amend a magistrate's detention order, [it] acts *de novo* and must make an independent determination of the proper pretrial detention or conditions for release." *United States v. Rueben*, 974 F.2d 580, 585 (5th Cir. 1992).

As explained more thoroughly below, the Court, having conducted its *de novo* review, finds that the government presented clear and convincing evidence that no condition or combination of conditions exist that would reasonably ensure the safety of the community.

Further, the government demonstrated by a preponderance of the evidence that no conditions or combination of conditions exist that would assure the appearance of Jones.

As he did at the detention hearing, Jones relies upon the recommendation in the PTSR and argues that he is not a flight risk because he is a lifelong resident of Northeast Ohio, he does not have a passport, his parents live in the Cleveland area, and that, if released, he can live with his mother and has a job offer. He further notes that he remained in the Cleveland area after his residence and hotel rooms were searched and he was eventually arrested without incident. (Doc. No. 27 at 4.) As to his history of substance abuse, he points out that he only used marijuana occasionally. (*Id.*) He also argues that he is not a danger to the community, pointing to his lack of any criminal record. (*Id.*)

The government opposes Jones's release and relies upon information contained in the complaint affidavit relating to Jones and his alleged activity and involvement related to the alleged offenses, evidence obtained during the searches of the residence in which Jones admitted he resided, items found in the two hotel rooms occupied by Jones and a co-defendant (including multiple cell phones, stolen mail and checks, fraudulent checks, firearms, computers used to make fraudulent checks, and keys to stolen high-end vehicles), videos posted to social media showing Jones engaged in high-speed chases with law enforcement while yelling obscenities at the officers and otherwise driving recklessly, and photographs showing Jones and a co-defendant posing with weapons[3], expensive jewelry, and large amounts of cash. (Doc. No. 25 at 2-4; *see*

---

[3] One of the photographs showed Jones and another individual pointing firearms with lasers on them at the camera. One of the firearms had an extended magazine. (Ex. 9.)

Doc. No. 1-1 at 7–8, 22; Doc. No. 26 at 8.)[4]

Jones does not dispute the authenticity of these exhibits, noting only that he is not prohibited by law from purchasing and carrying firearms, and that he has not been charged with illegally possessing any firearms or fleeing police in this case. (Doc. No. 27 at 4–5.) But the photographs and videos are worth a thousand words and weigh heavily against Jones's release on bond.

Jones also argues that there is nothing in the record to support the magistrate judge's finding that he has a history of alcohol or substance abuse and a lack of stable employment. While Jones self-reported that he has no issue with substance abuse, he also admitted that he has used marijuana with some frequency and, due to constraints relating to the COVID-19 pandemic, no drug tests were able to be administered to Jones. (Doc. No. 3 at 3.) Moreover, while Jones self-reported that he worked for his father's landscaping business and could return to such employment upon his release, the PTSR writer noted that Jones' mother "would not verify [Jones's] employment." (*Id.* at 2.) In fact, Jones supplemented his motion with a letter from Ivy Robinson indicating that, if Jones were released, he would have employment as a salesman at Ivy's Urban Couture. (Doc. No. 12-1.) Given the information in the complaint affidavit that Jones was involved in conduct where he and other participant allegedly used a computer program to make fraudulent checks based on checks that another participant "pulled" from the mail (*see e.g.* Doc. No. 1-1, ¶ 55), the Court finds that the recently materialized employment offer would not be suitable for Jones or for the customers to whose financial information he would have

---

[4] According to the government, after the searches, officers interviewed Jones who provided the location of several high-end stolen vehicles, and a consent search of his cell phone revealed pictures of stolen high-end vehicles and text conversations of the sales of stolen vehicles. (Doc. No. 25 at 2; *see* Doc. No. 1-1 ¶ 56.)

access. Both the history of substance abuse and lack of stable employment are supported by the record.

Notwithstanding Jones's community ties and his (unsuitable) waiting offer of employment, the Court shares the magistrate judge's concern that Jones's behavior—particularly his attempts to elude police by means of dangerous high speed car chases—demonstrates that he has little concern for the safety and wellbeing of the citizens of his community. It also calls into question Jones's willingness to appear as directed by the Court and to comply with any conditions of release.[5] This behavior—coupled with his access to substantial amounts of cash, stolen vehicles, and dangerous weapons—leaves the Court far from convinced that Jones would not flee or pose a danger to the community if released.

Additionally, the charged criminal offenses are serious and will likely subject Jones to a lengthy period of incarceration if he is convicted. The evidence against Jones, including the fruits of searches of Jones's cell phone, Instagram account, residence, and hotel rooms, is strong and demonstrates that Jones represents a danger to the community.[6] Accordingly, the weight of the evidence against Jones strongly favors pretrial detention.

In concluding that the government has met its burden of demonstrating the need for pretrial detention, the Court has taken into consideration Jones's lack of a criminal record, though, as the magistrate judge observed, given Jones's age, one would not expect him to have

---

[5] According to the complaint, Jones's alleged criminal conduct took him to other states, including Michigan and Indiana. This travel outside of this judicial district, along with Jones's apparent access to substantial amounts of cash and stolen vehicles, only serves to heighten the Court's concern that Jones poses a flight risk. (Doc. No. 1-1 ¶ 63.)

[6] In *United States v. Stone*, the Sixth Circuit clarified that the weight of the evidence against the defendant "goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt." 608 F.3d 939, 948 (6th Cir. 2010) (citation omitted). Jones does not challenge the magistrate judge's finding that the weight of the evidence against him is strong.

amassed a significant criminal record. The Court has also considered the fact that the charged offenses, themselves, are not crimes of violence. Indeed, the theft of mail and vehicles are not inherently dangerous activities. Still, it is what Jones has chosen to do with the fruits of these endeavors, captured on video and posted to the internet for all to see, that reveals the danger he poses to the community. Jones has repeatedly demonstrated that he is adept at evading police and capable of acquiring the tools necessary to do so. He also appears unwilling or unable to conform his behavior to abide by laws designed to protect the community. The Court finds that these facts render Jones an especially poor candidate for release on bond pending trial.

### III. CONCLUSION

Based on its *de novo* review, the Court finds that the record establishes by the requisite burdens of proof (preponderance of the evidence and clear and convincing evidence, respectively) that no condition or combination of conditions will reasonably assure Jones's appearance as required by the Court and the safety of any other person or the community.

For the foregoing reasons, Jones's motion to revoke the detention order is DENIED.

**IT IS SO ORDERED**.

Dated: November 7, 2022

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**